**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TALYNA MOODY** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO._____** |
| | § | **(JURY TRIAL DEMANDED)** |
| | § | |
| **HOUSTON INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| **Defendant** | § | |

<u>ORIGINAL COMPLAINT</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COMES NOW, TALYNA MOODY**, Plaintiff herein, and files this Original Complaint complaining of the HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant herein, and for cause of action would show unto this Honorable Court as follows:

## I. <u>PARTIES</u>

1.   Plaintiff, TALYNA MOODY, is a resident of the State of Texas and is domiciled in Harris County, Texas. TALYNA MOODY is a former employee of Defendant HOUSTON INDEPENDENT SCHOOL DISTRICT.

2.   Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT is a political subdivision of the State of Texas and is defined as a governmental unit pursuant to Section 101.001(3)(B) of the Texas Civil Practice and Remedies Code. HOUSTON INDEPENDENT SCHOOL DISTRICTS principal place of business is in Houston, Harris County, Texas and it may be served with citation by serving its

Superintendent, Terry B. Grier, Ed.D, at 4400 West 18th Street, Houston, Texas 77092.  Plaintiff requests citation at this time.

## II. JURISDICTION AND VENUE

3.      This Honorable Court has jurisdiction over Plaintiff's claims for which redress is provided pursuant to Plaintiff sues Defendant HISD for racial discrimination pursuant to 42 U.S.C. § 2000e-2, also known as Title VII of the Civil Rights Act of 1964. Plaintiff also sues Defendant HISD for retaliation against her when she made allegations against her know n to her superiors.

4.      This Court has jurisdiction over Plaintiffs claims for which redress is provided pursuant to 42 U.S.C. § 2000e-2 also known as Title VII of the Civil Rights Act of 1964.

5.      Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this matter arises under the United States Constitution and is therefore deemed a federal question.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims under the laws of the State of Texas and/or parties in this cause of action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events from which this lawsuit arises occurred within the geographical boundaries of the Southern District of Texas.

## III. ADMINISTRATIVE PROCEDURES

8.      Plaintiff, on or about N o v e m b e r  6 , 2012, filed charges of race and/or retaliation discrimination with the District Office of the Equal Employment Opportunity Commission. (See Exhibit 1 attached hereto and incorporated herein.) On or about

June 28, 2013, the U.S. Equal Employment Opportunity Commission, Houston District Office, issued a determination that "based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." (See Exhibit 2 attached hereto and incorporated herein.)

## IV. <u>VICARIOUS LIABILITY</u>

9.    Whenever in this petition it is alleged that the Defendant HOUSTON INDEPENDENT SCHOOL DISTRICT and/or HISD did any act or thing, it is meant that the Defendant and/or Defendant's agents, officers, servants, principals, vice principals, borrowed servants, employees and/or representatives did such act or thing and that at the time such act or thing was done, it was done with the authorization and/or ratification of Defendant and/or was done in the normal and routine course and scope of Defendant's officers, agents, servants, principals, vice principals, borrowed servants, employees and/or representatives' duty and/or capacity. Defendant is vicariously liable for the acts of their officers, agents, servants, principals, vice principals, borrowed servants, employees or/and representatives because of an employer-employee and/or principal/vice principal relationship, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

## V. <u>WAIVER OF IMMUNITY</u>

10. The Texas Legislature has expressly waived Defendant HOUSTON INDEPENDENT SCHOOL DISTRICT'S sovereign immunity pursuant to the Texas Labor Code § 21 *et seq.* which creates a cause of action for employment

discrimination. Pursuant to the definitions section, governmental entities are included by definition as employers. Texas Labor Code § 21.001.

## VI. **BACKGROUND FACTS**

11. Plaintiff TALYNA MOODY was employed by Defendant HOUSTON INDEPENDENT SCHOOL DISTRICT (hereinafter "HISD") as a Specialist.

12. Plaintiff's employment with HISD was maintained on a contract term, in which she was hired as an Onboard Specialist.

13. Plaintiff was bullied and harassed while in her position at HOUSTON INDEPENDENT SCHOOL DISTRICT. Even after she would go beyond her job description and classification her onboard manager within her department of HISD would degrade and demeanor her.

14. Furthermore, Plaintiff lost her job due to the unjustifiable facts and excessive bulling. On several occasions, the Plaintiff would be the minority to a majority problem, however she was the only person singled out and belittled amongst her peers. Moreover, the onboard manager used an improper method to rate the Plaintiff for her elevation. Policies were broken and manipulated to intimidate the Plaintiff on several occasions. Plaintiff was the only individual subject to such gross and blatant disrespect and abuse in her department by the onboard manager.

15. HISD's policy is that all employees will be treated with the utmost integrity and respect within there respective departments. HISD did not comply with this policy. In fact, the supervisor would scream and communicate with other employees about the feelings towards the Plaintiff in many inappropriate meetings and emails. These facts became important to Plaintiff as she was terminated without a proper and justifiable

reason beyond the excessive and overbearing discrimination practices of her supervisor.

16.   HISD, through its employees' actions, unfairly discriminated against MOODY and terminated her job. MOODY was the only person discriminated against based on her race, she was also discriminated against due to her religion because she is Christian of the group and was racially discriminated against through employment practices throughout the entirety of the Houston Independent School District.

17.   Because of Defendant's discriminatory actions in failing to review the position of Plaintiff, Plaintiff has been harmed in amount that exceeds the minimum jurisdiction of this Court.

## VII. <u>FEDERAL CAUSES OF ACTION</u>

### A. RACIAL DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000E-2, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23.   Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

24.   Plaintiff sues Defendant HISD for racial discrimination pursuant to 42 U.S.C. § 2000e-2, also known as Title VII of the Civil Rights Act of 1964.

25.   Plaintiff was unlawfully discharged by Defendant HISD because of her race. Plaintiff's position of cross-training was not reviewed on the basis of a reduction in force by Defendant HISD.

26.   Plaintiff was the only employees' position which was cut from HOUSTON INDEPENDENT SCHOOL DISTRICT alone. Ms. Moody was singled out and intentional discriminated against by her departmental manager.

27.   Furthermore, and in the alternative, Plaintiff's contract was not denied further information regarding her inconsistency and evaluated on a peer group system instead of following the HISD policy because of employment practices by Defendant HISD that has disparate impact based on race. The employment practices used by HISD are not job related, nor are the practices a business necessity. Moreover, alternative business practices are available and Defendant HISD has failed to employ such.

28.   Because of Defendant HISD's actions, Plaintiff has been damaged.

## VIII. <u>STATE CAUSES OF ACTION</u>
### TEXAS LABOR CODE § 21.051

29.   Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

30.   Plaintiff sues Defendant HISD for race and/or retaliation pursuant to Texas Labor Code§ 21.051 which gives rise to a cause of action for race and/or retaliation under the laws of the State of Texas.

31.   As stated above, Plaintiff was employed by Defendant HISD. Plaintiff was an African American female, who was a victim of unsatisfactory behavior within the work place.

32.   Due to harassment and excessive bullying, Ms. Moody was degraded disrespected and fired by the administrative personnel of HOUSTON INDEPENDENT SCHOOL DISTRICT.

33.   Plaintiff was discharged because of her race, as well as for retaliation; employees with other cultural backgrounds and religion employees were allowed to remain in her department with less experience and credentials.

34.   Furthermore, and in the alternative, Plaintiff's job position was not revalued because of employment practices by Defendant HISD that had disparate impact based on race and/or retaliation. The employment practices used by HISD are not job related, nor are the practices a business necessity. Moreover, alternative business practices are available and Defendant HISD has failed to employ such.

35.    Because of the actions of Defendant HISD, Plaintiff has been damaged.

## IX. <u>DAMAGES</u>

36.   Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

37.    Because of the unlawful discharge of Plaintiff due to her race and/or retaliation by Defendant HISD, Plaintiff has suffered damages. Plaintiff seeks all damages available in law and/or equity that she may be entitled.   More specifically, Plaintiff seeks actual damages that were proximately caused by the unlawful discharge of Plaintiff.

## X. ATTORNEYFEES

38.    Plaintiff incorporates the previous paragraphs as if set forth below verbatim.

39.    Because of Defendant's actions, Plaintiff had to retain the law firm of L. MickeleqDaniels & Associates to pursue her causes of action. Plaintiff has and/or will suffer not only attorney fees but costs of court as well.

40.    Pursuant to 42 U.S.C. § 1988 and Texas Labor Code §21.259, Plaintiff is entitled to reasonable and necessary attorney fees, expenses and costs of court. Plaintiffs further requests all costs of court and pre and post judgment interest.

## XI. JURY DEMAND

41.    Plaintiff hereby requests a jury trial and tenders the required fee.

## XII. PRAYER

42.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that Plaintiff have judgment against the Defendant as follows:

  1.    Judgment against the Defendant for sum established by proof at trial that is within the jurisdictional limits of this Court;

  2.    Actual and consequential damages;

  3.    Judgment for reasonable and necessary attorneys' fees;

4.      Prejudgment interest as provided by law;

5.      Post judgment interest as provided by law;

6.      Costs of suit; and

7.      All other damages, general and special, in law and in equity to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**L. MICKELE' DANIELS & ASSOCIATES**


By:__**/s/ L. Mickele' Daniels**_____
           L. Mickele' Daniels
           TBN No. 05374900, Federal Bar #12303
           Arena Tower I, Suite 580
           7322 Southwest Freeway
           Houston, Texas 77074
           Telephone: (713) 995-4681
           Facsimile: (713) 995-4685
           Seminole85@peoplepc.com
           **ATTORNEYS FOR PLAINTIFF**
           **TALYNA MOODY**

8